IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-00573-F

| | | |
|---|---|---|
| EDWARD MULDER, | ) | |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND |
| v. | ) | RECOMMENDATION |
| | ) | |
| EDGAR MOORE PAGE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for review of Plaintiff Edward Mulder's ("Plaintiff") complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, it is recommended Plaintiff's complaint be dismissed for failure to state a claim.

## I. BACKGROUND

Plaintiff, an inmate in the custody of the State of North Carolina, filed this action *pro se*, pursuant to 42 U.S.C. § 1983, against Defendant Edgar Moore Page ("Defendant"), alleging that Defendant was Plaintiff's court appointed counsel in a criminal case and was negligent and provided ineffective assistance in representing Plaintiff. Plaintiff seeks injunctive relief and monetary damages in the amount of $2 million dollars. [DE-1].

## II. LEGAL STANDARDS

The Prison Litigation Reform Act of 1996 ("PLRA") limits the ability of prisoners to file civil actions without prepayment of filing fees. *See* 28 U.S.C. § 1915A. The PLRA requires the district court to engage in a preliminary screening process of any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review of Plaintiff's complaint under the PLRA, the court must identify "cognizable

claims or dismiss the complaint, or any portion of the complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke,* 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Plaintiff alleges that his court appointed attorney in a prior criminal matter provided constitutionally deficient representation. Compl. at 1-2. A court-appointed attorney "'does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding,'" and is, thus, not subject to liability under section 1983. *Davis v. Reveley*, 439 F. App'x 235 (4th Cir. 2011) (quoting *Polk County v. Dodson*, 454 U.S. 312, 317–19 (1981)). *See also Fisher v. Chapman*, No. 5:11-CT-03026-FL, 2011 WL 2669282, at *3 (E.D.N.C. May 18, 2011) ("Private persons, including court-appointed attorneys, are generally unsusceptible to Section 1983 claims."), *report and recommendation adopted*, 2011 WL 2680484 (E.D.N.C. July 7, 2011). To the extent Plaintiff alleges state common law claims, it appears there is no diversity jurisdiction here, where both parties are residents of North Carolina. *See* Compl. at 1; 28 U.S.C. § 1332.

3

Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.

## IV. CONCLUSION

Based upon the foregoing, it is RECOMMENDED that Plaintiff's complaint be DISMISSED for failure to state a claim.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SUBMITTED, the 24 day of September 2013.

Robert B. Jones, Jr.
United States Magistrate Judge